ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 1/19/06 05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOUTHERN BOSTON MANAGEMENT CORP.,

           Plaintiff,

- against -

BP PRODUCTS NORTH AMERICA INC., et al.,

           Defendants.

MEMORANDUM
OPINION & ORDER

03 Civ. 6845 (RMB) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. BACKGROUND

Plaintiff, Southern Boston Management Corp. ("Southern Boston"), owner of the premises at 1776 Southern Boulevard, Bronx, New York, brought this action against defendants for trespass and conversion for entering the premises without authorization and removing underground storage tanks, pipes, pumps, and dispensers. On November 21, 2005, Southern Boston served a Notice of Deposition on defendant BP Products North America, Inc. ("BP"), referencing Federal Rule of Civil Procedure ("FRCP") 30, and directing BP to produce a witness "with knowledge of the relevant facts of the claims in this action." Southern Boston Letter of January 9, 2006 ("Jan. 9 Letter"), Exh. B, Notice of Deposition. On December 21, 2005, BP Products produced Adel Hreiz, a BP area development manager, for a deposition.

On January 9, Southern Boston wrote to the undersigned asking that BP be directed to make available additional witnesses pursuant to the plaintiff's Notice of Deposition, arguing that BP had failed to meet its obligations under FRCP 30(b)(6) to produce a witness familiar with the subject matter of the proposed deposition. Jan. 9 Letter at 1. BP responded in opposition to the application, first noting that Southern Boston's Notice of Deposition was inadequate under FRCP

MICROFILM
JAN 23 2006

Returned to chambers for scanning on 1/25/06.
Scanned by chambers on _____.

30(b)(6), and then arguing that Hreiz was a witness "knowledgeable about the issues in this case" and an adequate representative for BP under the circumstances. BP Letter of January 13, 2006 ("Jan. 13 Letter") at 4.

## II. DISCUSSION

Under FRCP 30(b)(6) a party's notice should "describe with reasonable particularity the matters on which examination is requested." The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought. *See* **Infomed Labs, LLC. v. Alza Corp.**, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (HB) (RLE). Southern Boston's notice does not meet the "reasonable particularity" requirement. The notice not only does not refer to FRCP 30(b)(6), but also fails to specify any particular focus for the proposed examination.

However, the facts in this case revolve around a few relatively distinct issues: ownership of both the real property and the removed property, knowledge of such ownership, and the terms of the lease. Upon reviewing the deposition of Hreiz, it is apparent that he lacked personal knowledge of some of the obvious areas of inquiry relevant to this case. For example, Hreiz testified that not only did he not authorize the removal of the underground storage tanks and other equipment from the 1776 Southern Boulevard premises, he did not know who had done so, and he could not think of one person that might have done so, although he knew it had been authorized by someone. Jan. 9 Letter, Exh. B, Deposition of Adel Hreiz ("Hreiz Dep.") at 42-43. Similarly, Hreiz had no personal knowledge of either a "right of access and entry and environmental remediation agreement" or a "contract of sale" specific to the premises. Id. at 54-55, 63-64. Rather than challenge Southern Boston's facially inadequate notice of deposition, BP

produced a witness that could not speak with personal knowledge about facts pertinent to the action. In sum, neither counsel's performance does particular credit to attorneys in this District.

For the foregoing reasons, Southern Boston's application to order BP to produce additional witnesses in response to its original notice of deposition is **DENIED**. This order is without prejudice to Southern Boston serving a second, and sufficiently particular, notice. An additional deposition is within the ambit of discretion belonging to a district court regarding discovery requests. *See* **Stagl v. Delta Airlines**, 52 F.3d 463, 474 (2d Cir. 1995). However, because fact discovery in this case closed on January 9, 2006, no other additional discovery requests will be allowed, and the parties must adhere to the following schedule for this second notice of deposition.

**IT IS HEREBY ORDERED THAT**

1) Southern Boston serve an adequate FRCP 30(b)(6) notice of deposition on BP Products by **January 26, 2006**; and

2) BP produce an appropriate witness for deposition by **February 15, 2006**.

**SO ORDERED this 19th day of January 2006**
**New York, New York**

*(signature)*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3